STRANAHAN'S HEIRS *v.* MARY JANE TERRY.

EJECTMENT. *Evidence.* The declarations of one in possession of land as to his holding, where no tenancy of any kind is shown except the declarations sought to be proved, are incompetent as evidence.

FROM BLEDSOE.

Appeal in error from the Circuit Court of Bledsoe county.   D. C. TREWHITT, J.

LEWIS SHEPHERD and D. L. SNODGRASS for Stranahan's heirs.

T. J. R. SWOFFORD for Terry.

FREEMAN, J., delivered the opinion of the court.

This is an action of ejectment from the circuit court of Bledsoe county.   Plaintiffs had judgment for the entire tract of land, four or five hundred acres, from which the defendant has appealed to this court.

Plaintiffs claim by descent, as heirs of J. W. Stranahan, who is claimed to have purchased the land under a decree of the chancery court in February, 1868.

The plaintiffs attempted to show a claim of title from the original grantee.   The land was granted to Whitesides and Terry.   The only proof as to a conveyance from Whiteside to Terry, whose title is asserted to be in plaintiffs by the decree, is the state-

ment of a witness that Terry had at some period purchased the land, giving a horse valued at one hundred dollars for it; but whether he took a deed or title bond for it, he did not know. This testimony was objected to and objection overruled. In this there was error. There is no rule of law authorizing title to land to be thus proven. Whet er such testimony might not have been admissible as secondary evidence, in case of proof of loss of the deed, or on proper basis laid for it, we need not now determine. No such basis is laid, and the testimony was clearly incompetent.

This is sufficient to reverse the case, as the recovery is for the whole tract. We may add, that there is no competent evidence in this record, that Terry was in possession of this land at the time of the sale. It is true the plaintiffs say that they found a Mrs. Metcalf in possession before the sale, and she said she was holding under Terry; but no tenancy is shown, or connection between her and Terry; and as no estoppel was sought to be set up against her, as in the case of *Marley* v. *Rodgers*, 5 Yer., 220, we cannot see how her declaration can be held to affect the defendant in possession of the land in this case. She is not bound by any declarations that any trespassers may make. Such party is an entire stranger to her, and it would be to deprive her of her possession in this case by mere declarations of a party found on the land, of which she never heard, and over which she had no control—made without her authority, express or implied. While the principle is correct, that in

36—VOL. 9.

many cases the declarations of a tenant may be proven to show the character of his· possession, this well-settled rule has no application to a case like the present. It applies in all cases where the question is, whether the tenant be holding for the one party or another, and where the question at issue is, as to which party he is tenant. But as we in other cases have said, it does not apply to a case like the· present, where there is neither an effort to estop the tenant or one claiming under him, nor to settle the question of whose tenant he is, as between the parties to the suit. The defendant does not claim that she was her tenant, nor is there any issue between her and plaintiff as to which was the landlord. It is pure hearsay testimony—the statements of a party as to his holding, when no tenancy of any kind is shown, except from the declaration sought to be proved. This would open the door to fraud and collusion between an occupant, it may be a mere trespasser, by which the true owner might be deprived of his land by the mere loose declaration of a party with whom he had no connection, and who had no authority to speak for him. The principle is thus stated in Stephens' Digest of Law of Evidence: "A statement by A., a deceased tenant for a term of the land in question, that he had no such right as claimed, is relevant as against his successors in the term, but not as against the owner of the field:" Page 43–44—note G.

For this error the judgment must be reversed and the case remanded for a new trial.